UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAMON ORDONEZ,<br><br>       Petitioner,<br><br>  v.<br><br>TIM VERGA,<br><br>       Respondents. | No. CV 11-09676-JFW (VBK)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On November 21, 2011, Ramon Ordonez (hereinafter referred to as "Petitioner") filed a document entitled "Petitioner's Motion to Stay Habeas Corpus Proceedings While Petitioner Exhaust a Remaining Issue in the State Court." The Court's initial review of the Petition reveals that it suffers from the following deficiencies:

    (1) Petitioner has failed to utilize the proper habeas form pursuant to Rule 2(c) of the Rules Governing §2254 Cases and Local Rule 83-16.1 of the United States District Court for the Central District of California. The habeas petition must be filled out completely on the correct form.

    (2) The Petition must be signed under penalty of perjury by the Petitioner or by a person authorized to sign it for the

        Petitioner under 28 U.S.C. §2242. See Rule 2(c)(5) of the Rules Governing §2254 Cases.

(3) Petitioner must set forth each and every ground on which he claims he is being held in violation of the United States Constitution, laws or treaties of the United States. There is no indication in the Petition whatsoever that the California Court of Appeal or California Supreme Court have been given an opportunity to rule on Petitioner's contentions.

        A federal court will not review a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies on each and every claim presented. 28 U.S.C. § 2254(b) and (c); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see Rose v. Lundy, 455 U.S. 509, 522 (1982). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983).

        Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. Carothers, supra, 594 F.2d at 228; see Allbee v. Cupp, 716 F.2d 635, 636-37 (9th Cir. 1983). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Pappageorge v. Sumner, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S.

1219 (1983).

The Petition therefore is **DISMISSED** with leave to amend. If Petitioner desires to pursue this action, he is ordered to file an Amended Petition correcting the deficiencies discussed above within 30 days of the date of this Order. The Clerk is **DIRECTED** to send Petitioner a Central District of California blank habeas petition form for this purpose. The Amended Petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely.

Petitioner is cautioned that his failure to timely file an Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED: November 28, 2011          /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE

3